```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
D3 INTERNATIONAL INC.,                                           :
                                                                 :
                        Plaintiff,                               :
                                                                 :            21-cv-6409 (LJL)
        -v-                                                      :
                                                                 :            MEMORANDUM AND
AGGF COSMETIC GROUP S.P.A. and COSMETICA,                        :                 ORDER
S.R.L.,                                                          :
                                                                 :
                        Defendants.                              :
                                                                 X
---------------------------------------------------------------------
```

LEWIS J. LIMAN, United States District Judge:

      Defendants AGGF Cosmetic Group S.p.A. ("AGGF") and Cosmetica, S.r.l. ("Cosmetica" and collectively with AGGF, "Defendants") move for an order (1) dismissing this action or staying it in favor of arbitration; or (2) dismissing the action based on the doctrine of forum non conveniens. Defendants also seek an order staying discovery pending decision on this motion. Dkt. No. 5. The motion to compel arbitration is denied without prejudice. The motion to stay discovery is granted except with respect to discovery relevant to the contents of the claimed oral agreement upon which plaintiff D3 International Inc. ("Plaintiff") is suing and whether it includes an agreement to arbitrate. The time for Defendants to answer is extended *sine die*.

      "[T]he Court applies a 'standard similar to that applicable to a motion for summary judgment'" in deciding a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. *Cornelius v. Wells Fargo Bank, N.A.*, 2020 WL 1809324, at *4 (S.D.N.Y. Apr. 4, 2020) (quoting *Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 386 (S.D.N.Y. 2017). As on a motion for summary judgment, the parties may submit documents in support or opposition of the motion, and the court "consider[s] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and

admissions on file, together with affidavits, and draws all reasonable inferences in favor of the non-moving party." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (internal quotation marks and citation omitted).

The Court concludes that there are fact issues with respect to whether there is an agreement to arbitrate. Defendants contend that the 2010 agreement between Plaintiff and AGGF continued after the agreement expired by its terms and that the parties continued to do business. Dkt. No. 6 ¶ 6. Plaintiff responds that it is suing only under a "subsequent oral agreement" that contains no arbitration provision. Dkt. No. 12 ¶ 2. Under Plaintiff's approach, the written agreement would be irrelevant except perhaps insofar as the parties subsequently agreed to incorporate some (but not all) of its terms in the oral agreement with Defendants.

Under the FAA, at least where the question has not clearly and unequivocally been delegated to the arbitrators, the questions whether the parties have an arbitration agreement and whether they have agreed to arbitrate any particular dispute is for the courts. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) ("[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists."). Under Section 4 of the FAA, "[i]f the making of the arbitration agreement . . . [is] in issue, the court shall proceed summarily to a trial thereof." 9 U.S.C. § 4. Both Sections 3 and 4 of the FAA "call for an expeditious and summary hearing, with only restricted inquiry into factual issues." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *see also Cornelius*, 2020 WL 1809324, at *4.

As discussed at the conference on October 13, 2021, the parties shall identify to one another the witnesses to the alleged oral agreement and the persons upon whom they would rely to assert or dispute the existence of an arbitration agreement. Depositions of such persons shall

be completed by November 19, 2021.  The depositions may be taken remotely.  The Court will hold a status conference on December 9, 2021, at 11:00 a.m., to discuss whether Defendants will renew their motion to compel arbitration or, in the alternative, respond to the complaint.  The conference shall be remote.  Parties are directed to dial into the Court's teleconference line at 888-251-2909 and use access code 2123101.

    The Clerk of Court is respectfully directed to close Dkt. No. 5.

    SO ORDERED.

Dated: October 13, 2021
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge