```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
D3 INTERNATIONAL INC.,                                             :
                                                                   :
                                Plaintiff,                         :
                                                                   :        21-cv-6409 (LJL)
        -v-                                                        :
                                                                   :        ORDER
AGGF COSMETIC GROUP S.P.A. and COSMETICA,                          :
S.R.L.,                                                            :
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/09/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiff requests permission to file a sur-reply (1) to address Defendants' argument that all of Defendants' statements should be deemed admitted due to Plaintiff's failure to submit a Local Rule 56.1 statement in opposition and (2) to counter Defendants' arguments regarding the deposition of Plaintiff's representative Natale Palazzolo. Dkt. No. 42. Defendants oppose the request. Dkt. No. 43. For the following reasons, the request is denied.

"Motions for leave to file sur-reply information are subject to the sound discretion of the court." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 287 (E.D.N.Y. 2014) (alteration adopted) (quoting *Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013)).

The reasons offered by Plaintiff do not warrant granting permission to file a sur-reply. Plaintiff initially failed to oppose Defendants' motion for summary judgment at all within the fourteen days provided by Local Civil Rule 6.1(b), i.e., by May 20, 2022. Eleven days later, on May 31, 2022, the Court entered an order stating that the Court would treat the motion as unopposed. Dkt. No. 33. The next day, Plaintiff filed untimely opposition papers—consisting of two letters addressed to the Court, an unsigned declaration from Natale Palazzolo, and a certificate of service—and requested additional time to secure an executed copy of the declaration. Dkt. No. 34. Plaintiff filed neither a memorandum of law in opposition nor a Local Civil Rule 56.1 statement in opposition. *See* L.R. 56.1(b). Plaintiff could have filed a Rule 56.1 statement when it filed it opposition papers or requested permission to file an untimely Rule 56.1 statement, but Plaintiff failed to do so. Plaintiff also could have filed a memorandum of law in opposition in which it could have addressed the deposition of Plaintiff's representative—a topic raised in detail in Defendants' opening papers. *See, e.g.*, Dkt. No. 31 at 1 ("The primary basis for dismissal is that D3's principal, Natale Palazzolo, admitted in his deposition that the parties did not in fact have any enforceable contract."). Again, Plaintiff failed to do so.

In short, Plaintiff had every opportunity to make its arguments before the Court yet did

not do so.  The Court will not exercise its discretion now to permit Plaintiff to make those arguments in a sur-reply.

    Plaintiff's motion is therefore DENIED.

    SO ORDERED.

Dated: June 9, 2022
       New York, New York

                                            LEWIS J. LIMAN
                                     United States District Judge